**Suzanne ORFESCU, Plaintiff—Appellant,**

v.

**PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant—Appellee.**

No. 02–56720.

D.C. No. CV–01–07297–FMC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 9, 2003.

Decided Jan. 16, 2004.

**626**

Douglas Caiafa, Esq., A Professional Law Corporation, Los Angeles, CA, for Plaintiff–Appellant.

Ronald K. Alberts, Esq., Berger Kahn, A Law Corporation, Marina Del Rey, CA, for Defendant–Appellee.

Before BRUNETTI, T.G. NELSON, and SILVERMAN, Circuit Judges.

SILVERMAN, Circuit Judge, concurring in part and dissenting in part.

### MEMORANDUM *

Suzanne Orfescu appeals the district court's partial denial of long-term disability benefits and denial of attorney's fees. We have jurisdiction under 28 U.S.C. § 1291. We affirm both decisions.

First, we reject Orfescu's contention that the district court erred in concluding that she was not disabled from May 1999 until November 12, 1999 but was disabled from November 13, 1999 until March 14, 2000, and then not disabled thereafter.

To be entitled to long-term disability benefits under her policy, Orfescu had to demonstrate that she is unable to perform "for wage or profit the material and substantial duties of any job for which [she is] reasonably fitted by [her] education, training or experience."

We find no error in the district court's conclusion that no medical evidence demonstrated that Orfescu was "totally disabled" before November 13, 1999 or after March 14, 2000.

Prior to November 13, 1999, the only evidence of Orfescu's disability was Prudential's letter to Dr. Kazanchian, Jeff Gordon's employability evaluation, and Dr. Kazanchian's letters and reports. Prudential's letter indicates that as of February

1999, Dr. Kazanchian believed Orfescu could return to full-time employment. Gordon's study, dated April 22, 1999, indicated that as well. Finally, Dr. Kazanchian's letter of April 30, 1999, while it does state that Orfescu should be considered disabled, it does not indicate that this conclusion was based on any recent examinations of Orfescu. Since it was a bench trial, the district court was required to assess all the evidence and did not err in attaching less credibility to Dr. Kazanchian's letter. *See Kearney v. Standard Ins. Co.,* 175 F.3d 1084, 1095 (9th Cir.1999).

Similarly, Orfescu's insistence that the available medical evidence demonstrates her total disability beyond March 14, 2000 is unavailing.

The reports from Orfescu's doctors do not establish that Orfescu was totally disabled beyond March 14, 2000. While Dr. Salkinder concluded that Orfescu should be considered significantly disabled for a period of a few months following his November 1999 examination, he later indicated on a February 10, 2000 work status form that Orfescu should be able to return to work with the appropriate restrictions and medical treatments. Dr. Kazanchian's undated letter also does little to advance Orfescu's claims of total disability beyond March 2000 as it simply recites Orfescu's prior course of treatment and Salkinder's findings.

Moreover, Doctors Darrow and Gart examined Orfescu in March 2000 and December 2000, respectively. Both concluded that Orfescu's subjective complaints did not correspond with their objective observations and that she was capable of returning to work with appropriate restrictions. In considering this evidence, the district court did not err in its credibility

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

findings as to the doctors' reports and in relying on them to deny Orfescu benefits.

While the district court's finding of non-disability, disability, and then non-disability seems nonsensical, for the reasons set out above it nevertheless comports with the law and the evidence in the record. As such, the district court's disability determination is affirmed.

We also conclude that the district court did not abuse its discretion in determining that all but one of the *Hummell* factors weighed against awarding fees. Accordingly, the district court's decision to deny fees is affirmed.

AFFIRMED.

SILVERMAN, Circuit Judge.

The district court ruled that Orfescu (1) was *not* totally disabled from all occupations from May 4, 1999 until November 13, 1999, (2) *was* totally disabled from all occupations from November 13, 1999 through March 14, 2000, (3) then was *not* totally disabled from all occupations after March 14, 2000.

I agree that the district court did not clearly err in finding that Orfescu was not totally disabled from all occupations after March 14, 2000. However, if one accepts the district court's finding that Orfescu was disabled from November 13, 1999 through March 14, 2000 (which finding Prudential did not appeal), then the finding of no disability for the earlier period—from May 4, 1999 though March 13, 1999—is clearly erroneous. Why? Because the evidence is undisputed that her actual medical condition remained unchanged for the entire period of May 4, 1999 through March 14, 2000.

Between May 4, 1999 and November 13, 2000 Orfescu may not have possessed proof of total disability. However, the issue is not what *proof* she possessed *during*

*that period,* but whether she proved *at trial* that she was disabled during the times in question. Both sides agree that Orfescu's medical condition was the same during the first period (5/4/99—11/13/99) as it was during the second period (11/13/99—3/14/00). It follows that if she was totally disabled during the second period, she must have been totally disabled during the first period as well. At oral argument, Prudential's counsel agreed that the district court's finding of on-again, off-again disability cannot be reconciled with the evidence, but also said that Prudential chose not to cross-appeal that point. Because Orfescu *did* appeal, she is entitled to prevail on that issue.

I would affirm in part and reverse in part with directions to award benefits for the six-month period from May 4, 1999 through November 13, 1999.